## Case No. 3,004.

### In re COLLINS.

[8 Ben. 59.] [1]

District Court, E. D. New York. March, 1875. [2]

CHATTEL MORTGAGE—TIME OF FILING.

A chattel mortgage executed and delivered without fraud for purchase money, not filed as required by the law of the state before the filing of a petition in bankruptcy, but filed prior to the appointment of an assignee, and when there were no judgments against the bankrupt, is sufficient to give a lien upon the mortgaged property which must be recognized by the bankruptcy court in disposing of the proceeds of the mortgaged property.

[In bankruptcy. In the matter of Charles Collins.]

F. E. Dana, for petitioners.
John Brodhead, for assignee.

## Case No. 3,005.

### In re COLLINS.

[8 Ben. 328.] [1]

District Court, E. D. New York. Dec., 1875.

RESALE — EXPENSES OF PURCHASER—COUNSEL FEES.

1. An assignee in bankruptcy sold at public auction two boilers on which there was a mortgage to their full value. The mortgagee had actual notice of the intended sale, but, by mistake, failed to attend, and the property was sold. On application of the mortgagee, who offered a higher bid, that sale was set aside by the court and a resale ordered, on condition that the mortgagee pay into court $300, to abide the order of the court as to the amount which he must pay to the purchaser and to the assignee. Proof of the facts was then taken before the register. *Held*, that the assignee could not be allowed the expenses of an attempted sale prior to the actual sale, nor for painting and cleaning the boilers.

2. A charge for auctioneer's fees must be disallowed. The mortgagee having objected to the employment of an auctioneer, the approval of the court should have been obtained before incurring the expense.

3. Nothing could be allowed for the expense of moving the boilers after a stay of proceedings had been ordered by the court, or for storage made necessary by such removal.

4. The assignee could not be allowed for services of counsel in opposing the resale, because it was plainly for the interest of the estate that a resale should be had; but he might be allowed for services of counsel to see that the estate was properly protected from loss in the order for resale

5. The purchaser must be allowed for services of counsel in opposing the resale, but not for such services in attending before the register to prove a bill of charges which were greater than he was entitled to.

6. The register's charges must be borne by the mortgagee.

[In bankruptcy. In the matter of Charles Collins.]

F. E. Dana, for bankrupt.
John E. Brodhead, in opposition.

BENEDICT, District Judge. Robert King, assignee in bankruptcy of Charles Collins, came into the possession of two boilers, upon which one Schoonmaker also claimed a lien, by way of mortgage, to their full value. The assignee determined to sell the boilers at public auction and such sale was made on April 24th, after public notice and actual notice to Schoonmaker. By mistake Schoonmaker omitted to attend the sale, and the property was struck off to one Cooney for $819. Schoonmaker then applied to the court for a resale of the boilers, offering to bid $1,500. The sale was thereupon set aside and a resale directed, upon the condition that Schoonmaker should deposit the sum of $300 in court to abide the order of the court in respect to the sum to be paid by him to Cooney, the purchaser at the sale, and to the assignee, for the expenses and costs of the sale and of these proceedings. It is now before the court to determine the proper sums to be paid by Schoonmaker, upon testimony taken before the register in respect to such expenses and costs.

From the items claimed by the assignee, there must be deducted all the expenses of an attempted sale, made on January 16th. The sale set aside was that of April 24th, and the expenses of that sale only are within the scope of the order made. The item of expenses for painting and cleaning the boilers must also be disallowed. These form no part of the expenses of the sale. The item of auctioneer's fees must also be rejected.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 3,007.]

The necessity for such an expenditure in this case is not apparent. The employment of an auctioneer was objected to by Schoonmaker, who then claimed to be, and who has since been adjudged to be, the real party in interest. After objection made from such a quarter, the approval of the court should have been obtained before incurring that expense. There is also an item of $75 for money paid cartmen for moving the boilers, which must be reduced to nine dollars. This work was not begun until it was known that an application would be made to set aside the sale, and most of it was done after proceedings had been stayed by the order of the court. The value of the labor performed before the stay was made may be allowed, being the sum of $9, as shown by the proofs. Seventy-five dollars is also claimed for the services of one Smith, a boiler maker. This, Smith says, is for his services and for storage. No storage can be allowed, as the removal of the boilers was forbidden before they could have been stored, and, for any services of Smith rendered before the stay, $10 is a sufficient compensation. A question is raised as to what shall be allowed to the assignee for services of counsel, and fifty dollars is suggested as a proper sum. Some considerable portion of the services supposed to be covered by this suggestion—and it is impossible from the proofs to say what portion—is for services rendered in drawing affidavits and opposing the order for a resale. But the assignee should not be allowed for opposing the resale, because it was plainly for the interest of the estate that the resale should be had. All that counsel for the assignee could properly be required to do, was to see that proper provisions for the protection of the estate from loss were inserted in the order. I consider that justice will be done if the assignee is allowed twenty dollars for his expenses of counsel. On the part of the purchaser who bought the boilers at the sale set aside, there is charged twenty-five dollars for the expenses of employing counsel to oppose the resale. The charge is not exorbitant and is properly payable by the person asking for a resale, when the necessity for the application was caused by his own neglect to attend the sale, and when, as it appears, the price bid by the purchaser was all that would be paid by any person except the mortgagee. The purchaser also charges for expenses in employing counsel to attend before the register to prove the purchaser's bill of charges. This service, however, was made necessary by the purchaser's demand of a greater sum than he was entitled to. It should be paid for by him, especially as the register's charges are to be borne by the mortgagee.

I have now, as I believe, disposed of all the points in controversy between these parties, so that an order can at once be made for the distribution of the sum in court in accordance with this opinion, allowing to the

assignee and to the purchaser all the items proved which are not herein rejected, and paying the balance if any to the mortgagee.